UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KING COHEN, and HEATHER COHEN,<br><br>Plaintiffs,<br><br>v.<br><br>RORY CHENOWTH, and KELLYE LAUGHERY,<br><br>Defendants. | Case No.: 22-CV-1451-GPC-WVG<br><br>**ORDER**<br>**(1) DENYING MOTION TO FILE OBJECTION; AND**<br>**(2) DENYING MOTION FOR LEAVE TO FILE AFFIDAVIT**<br>**[ECF No. 42]** |

Plaintiff King Cohen seeks leave to (1) object to a statement contained in Defendant Rory Chenowth's Declaration and (2) to file an untimely affidavit in opposition to Defendants Rory Chenowth's and Kellye Laughery's motion to dismiss. ECF No. 42. For the reasons that follow, both motions are denied.

**Objection to Chenowth's Declaration**

In opposition to Cohen's pending motion for sanctions, Chenowth submitted a declaration, the substance of which involves a statement attesting to his location during the time in which the events giving rise to the motion for sanctions purportedly occurred. *See* ECF No. 25-1 at 2. This declaration was filed on December 23, 2022, *id.*, and Cohen filed

1

22-CV-1451-GPC-WVG

a reply on January 13, 2023, ECF No. 30.  Now, nearly two months after the reply was filed, Cohen seeks leave to object to the declaration as hearsay.[1]  ECF No. 42 at 1.

Rule 801 of the Federal Rules of Evidence generally prohibits the admission of statements made outside of court that are being offered for the truth of the matter asserted. But this statement is Chenowth's own assertion of where he was located during the time in question; he makes no reference to any type of matter prohibited by Rule 801.  *See RG Abrams Ins. v. L. Offs. Of C.R. Abrams*, 342 F.R.D. 461, 485 (C.D. Cal. 2022) (similar). Accordingly, this motion to file an objection is denied for being untimely and lacking merit.

### Leave to File Untimely Affidavit

Cohen next asks for the Court's leave to file an untimely affidavit in response to Chenowth's and Laughery's motion to dismiss.  ECF No. 42 at 2.  He attributes the untimeliness to his COVID-19 symptoms.  *Id.*  However, the motion to dismiss was filed on December 7, 2022, ECF No. 23; Cohen filed a timely—though overlength—response on January 12, 2023, ECF Nos. 26 & 27; and the first time Cohen indicated he had COVID-19 was March 6, 2023, ECF No. 39.  Accordingly, unless Cohen meant to allege that he has either been suffering from the symptoms of "long COVID" or has repeatedly contracted COVID-19 over the last few months, the Court finds suspect the suggestion that Cohen's current COVID-19 symptoms interfered with his ability to respond to Chenowth's and Laughery's motion to dismiss back in January.

Cohen next argues that the untimely affidavit and accompanying screenshots of text messages purportedly between his wife, Heather Cohen, and their neighbor, Chenowth's and Laughery's tenant, are necessary to "aid the fact finder in determining the timeline of events, veracity of Defendants [sic] alibi . . . and finally the validity of [Cohen's]

---

[1] Cohen's motion does not specifically identify this document, so the Court deduces through the process of elimination that this is the declaration and the statement at issue to which Cohen is referring.

Negligence Per Se civil claim." ECF No. 42 at 2–3.  However, at the motion to dismiss stage, the Court is not acting as a factfinder; instead the Court accepts as true the factual allegations contained in the complaint, and determines whether the complaint states a facially plausible claim for relief.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 570 (2007).  "All reasonable inferences must be drawn in favor of the non-moving party." *Bryan v. MacPherson*, 630 F.3d 805, 823 (9th Cir. 2010).  "Generally, a court may not consider material beyond the complaint in ruling on a" motion to dismiss. *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).  Setting aside the untimeliness of the affidavit, the Court finds immaterial at this stage the affidavit's support of factual allegations contained in the complaint.  Accordingly, the Court DENIES Cohen's motion for leave to file an untimely affidavit in opposition to the Defendants' motion to dismiss.

**IT IS SO ORDERED.**

Dated:  March 10, 2023

Hon. Gonzalo P. Curiel
United States District Judge